I respectfully dissent from this Court's decision to reverse the Court of Criminal Appeals' judgment on the basis of the trial court's evidentiary rulings. Absent a clear showing of an abuse of discretion, evidentiary rulings lie within the sound discretion of the trial court and will not be disturbed on appeal. Ex parte Loggins, 771 So.2d 1093,1103 (Ala. 2000). Evidence of Vaughn's prior acts served as a basis from which the State's expert witness concluded that Vaughn was not suffering from a mental disease or defect at the time he committed the offenses in this case. Thus, I do not believe that the trial court abused its discretion in admitting evidence of Vaughn's prior bad acts.
Furthermore, I believe that the trial court's extensive limiting instructions to the jury were more than adequate to protect Vaughn from undue prejudice. "When evidence which is admissible . . . for one purpose but not admissible . . . for another purpose is admitted, the court, upon request, shall restrict the evidence to its proper scope and instruct the jury accordingly." Rule 105, Ala. R. Evid. "If an instruction clearly informs the jury of the sole purpose of [the] evidence . . . it is reasonable to assume that the jury would not use the evidence for any other purpose." Snyder v. State, [Ms. 1001539, December 14, 2001] ___ So.2d ___, ___ (Ala. 2001). In this case, the trial court painstakingly instructed the jury that the evidence of Vaughn's prior acts was not to be used for the purpose of determining Vaughn's guilt or innocence as to the offenses with which he was charged. I believe that this Court should not assume that the jury used the evidence for any purpose other than the purpose stated by the trial court. *Page 1100 
Therefore, I would affirm the Court of Criminal Appeals' judgment.